Mary Goralski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Christopher T. Powell, Sr.,* with him *Powell, Powell and Powell,* for appellant.

*William Kennedy,* Assistant Attorney General, with him *Michael D. Klein,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 14, 1979:

Mary Goralski appeals from a determination by the Unemployment Compensation Board of Review (Board) which affirmed a referee and ruled her ineligible for benefits under the disqualifying provisions of Section 402.1(1)[1] and 401(d)[2] of the Unemployment Compensation Law (Act). We affirm.[3]

For purposes of this appeal, Mary Goralski (Claimant) was last employed by the Mid-Valley School District as a per diem substitute teacher from March, 1977, until June, 1978. Goralski had also been employed by the Valley View School District in the same capacity since 1975 and by the Lakeland School District since 1976. Accordingly, during the 1978-79 school term, Claimant worked 39 days—17 days in the Mid-Valley District; 12 days in Valley View District; and 10 days in Lakeland District.

Goralski's last day of work was June 13, 1978, at the Mid-Valley School. Subsequently, she was unemployed because of the annual summer vacation. Goralski sought unemployment benefits for the duration of this period, June 18, 1978, through September 9, 1978.

---

[1] Section 402.1(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(1).

[2] Section 401(d) of the Unemployment Compensation Law, 43 P.S. §801(d).

[3] Goralski raises for the first time on appeal that Section 402.1 (1) is not applicable because "claimant's base year was predicated on services performed October 1, 1976 to September 30, 1977" prior to the effective date of the section which was January 1, 1978. Issues not properly raised below may not be heard on review. 2 Pa. C.S. §703(a).

The Board denied benefits finding that Goralski had a "reasonable assurance" of employment at the start of the next academic year and hence was disqualified under Section 402.1(1). The Board further found that Claimant intended to resume such employment and therefore was unavailable for work under Section 401(d).

Section 402.1(1) of the Act provides in pertinent part:

(1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

The term "reasonable assurance" is not specifically defined in the statute. However, in cases dealing with analogous statutes[4] we have held that there need not be a formal written or oral agreement to rehire and where there is objective evidence of mutual commitment between the teacher and employer to recall the former or where the teacher has a reasonable expectation of returning to employment in the next aca-

---

[4] *See* Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note) ; *see also* Section 402 (i) of the Unemployment Compensation Law, 43 P.S. §802(i).

demic term, the Board may properly deny benefits. *See Langer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 88, 407 A.2d 123 (1979); *Scholtz v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 277, 400 A.2d 700 (1979).

The record discloses that Claimant was notified by a letter dated June 9, 1978, that the Mid-Valley School District was placing her on the substitute list and that she would be utilized as a substitute teacher for the 1978-79 school term.

Moreover, although Claimant did not receive formal assurance of re-employment from either the Valley View School District or the Lakeland School District, she received no letter of termination and had no basis to believe that she would not be placed on their substitute lists for the 1978-79 terms as had been past practice. Further, Goralski indicates on her "Summary of Interview" sheet that, in her opinion, she had a "reasonable assurance" of returning to work when school re-opened in the fall.

Claimant contends, however, that merely because her name will remain on the schools' substitute teacher lists for the ensuing academic term, this alone is not sufficient to constitute "reasonable assurance." The crux of her argument is that, while placing her name on such lists makes her *eligible* for employment by the three districts, there is no guarantee of actual employment since the principal of each school has unfettered discretion as to which substitutes will be utilized in the event of teacher absences.

First, Section 402.1(1) does not require a guarantee, but only a reasonable assurance of re-employment and the nature of what constitutes "reasonable assurance" must be determined by the Board's examination of all the relevant facts. *See Langer v. Unemployment Compensation Board of Review, supra; Ortiz v. Unem-*

*ployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979). In Goralski's case, her past employment record and the past employment policies of the districts indicate that she has, in fact, been selected for teaching assignments from the respective lists in past years. We cannot infer that this will change in the coming term.

The findings of the Board are supported by substantial evidence and, being binding on this Court, are affirmed.

The Board also denied benefits, finding that the Claimant was not "available" for employment within Section 401(d) of the Act. Goralski contends that the only evidence of her availability was her testimony that she would accept full-time employment during the summer and would not return to teaching in September so long as the employment was comparable in salary and opportunity to teaching and thus the Board's conclusion was a capricious disregard of competent evidence.

The issue of availability is one of fact with the burden of proof being on the claimant, *Calvano v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977), and that Goralski averred that she would accept full-time work and not return to teaching is not dispositive of the issue.

There is, in our judgment, sufficient evidence in the record to support the Board's conclusion that Claimant expected to be recalled to teach in the fall and intended to return if called.

Accordingly, we

ORDER

AND Now, this 14th day of December, 1979, the order of the Unemployment Compensation Board of Review dated September 25, 1978, denying benefits to Mary Goralski is affirmed.