Willard W. Hansen, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Willard W. Hansen,* petitioner, for himself.

*John Kupchinsky,* Assistant Attorney General, with him *Charles G. Hasson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 31, 1980:

In this unemployment compensation appeal, the claimant[1] questions a denial of compensation by the board,[2] which affirmed the referee's ruling that claimant was ineligible for benefits under the disqualifying provision of Section 402.1(1)[3] of the Unemployment Compensation Law (Act). We affirm.

Claimant was last employed by Lenape Vocational-Tech (Lenape) School as a per diem substitute teacher during the 1977-78 school term. Claimant's last day of work was May 9, 1978; thereafter, claimant did not work because of the annual summer vacation. Claimant sought benefits for the duration of the vacation period.

The board denied benefits, finding that claimant had a reasonable assurance of employment with Lenape at the start of the next academic year and hence was disqualified under Section 402.1(1).

---

[1] Willard W. Hansen.

[2] Unemployment Compensation Board of Review.

[3] Section 402.1(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(1).

The record discloses that, in June 1977, claimant received from Lenape a letter which offered to place claimant's name on the substitute teacher list for the 1978-79 school year. Furthermore, claimant testified that he intended to accept the offer.[4]

Claimant contends, however, that the fact that Lenape placed claimant's name on its substitute teacher list for the ensuing year does not constitute reasonable assurance. Claimant's point is that he does not have a guarantee that he will be called when a regular teacher is absent.

Section 402.1 does not require a guarantee, but only a reasonable assurance of re-employment, and the board, based on its examination of the relevant facts, must make that determination. *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979). Here, as in *Goralski*, we cannot find any evidence to suggest that the school would deviate from its list when selecting substitute teachers.

The findings of the board are supported by substantial evidence and, being therefore binding on this court, are affirmed.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, this 31st day of October, 1980, the decision of the Unemployment Compensation Board of Review is hereby affirmed.

---

[4] Claimant gave the following testimony when asked if he intended to serve as a substitute teacher during the 1978-79 school year:

Q. And you intend to return next year?
A. My contention yes, if I'm here. Now
Q. If you are here and if you are called?
A. Yes, if I'm here and if I'm called. . . .