Lawrence T. Foti, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 6, 1981, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Lawrence T. Foti,* petitioner, for himself.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, June 19, 1981:

This is an appeal from a Decision and Order of the Unemployment Compensation Board of Review (Board) which found Lawrence Foti (Claimant) to be ineligible for unemployment compensation benefits for the claim weeks ending July 21, 1979, and July 28, 1979, pursuant to the disqualifying provisions of Sections 402.1(1)[1] and 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§802.1(1), 801(d). We will affirm in part and reverse in part.

During the 1978-79 school year Claimant was employed as a long-term substitute school teacher by the Rose Tree Media School District (district). Claimant subsequently became unemployed with the beginning of the 1979 summer recess, and on July 15, 1979, filed an application for unemployment compensation benefits with the Bureau, now Office, of Employment Security. This application was denied, and Claimant appealed to a referee. A referee's hearing was conducted on September 19, 1979, and from the evidence adduced at that hearing the referee made the following pertinent findings of fact:

3. Claimant received notice from his employer that work would be available for him during the 1979-80 school year as a Per Diem Substitute Teacher.

4. In July, 1979, claimant became aware that an opening existed with the Rose Tree Media School District for a Long Term Social Studies Teacher and, he made application for this position.

5. On July 27, 1979 the claimant was informed that he was hired officially at an annual

---

[1] Added by Section 5 of the Act of July 6, 1977, P.L. 41.

salary rate of $13,739.00 for the 1979-80 school year, to start effective September 4, 1979.

6. Claimant did return to work with the Rose Tree Media School District on September 4, 1979 as a Long Term Substitute Teacher.

7. During the period involved in this appeal, the claimant was not available for work.

In his discussion of the facts, the referee stated that "the claimant must be said to have a contract to perform services in the succeeding term or year," and concluded that Claimant was therefore disqualified from receiving benefits by Section 401.2(1) of the Law, which provides in part:

> With respect to services performed . . . in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid . . . for any week of unemployment commencing during the period between two successive academic years . . . to any individual if such individual performs such services in the first of such academic years . . . and if there is *a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years. . . .*
> (Emphasis added.)

The referee also concluded that Claimant was disqualified from receiving benefits by Section 401(d) of the Law[2] since Claimant was not available for work during the claim weeks in question under the guidelines set forth in our decisions in *Chickey v. Unemployment Compensation Board of Review,* 16 Pa.

---

[2] Section 401(d) of the Law provides in pertinent part:
Compensation shall be payable to any employe who is or becomes unemployed, and who—(d) [i]s able to work and available for suitable work. . . .

Commonwealth Ct. 485, 332 A.2d 853 (1975) and *Calvano v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977). The Board subsequently affirmed, adopting the referee's findings of fact and conclusions of law, and the present appeal followed.

In *Chickey, Calvano,* and in numerous subsequent decisions, we have held that claimants who become unemployed for a predetermined period of time and who have a "reasonable assurance" of returning to work, are not genuinely attached to the labor force, and hence, are not "available for suitable work" within the intendment of Section 401(d) of the Law. The issue of availability is one of fact, *Calvano,* and the burden of proving availability is on the claimant. *Ellman v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 179, 407 A.2d 478 (1979); *Sude v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 533, 402 A.2d 1122 (1979). Where, as here, the party with the burden of proof did not prevail below, our scope of review is limited to determining whether the Board capriciously disregarded competent evidence. *Grzech v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 9, 423 A.2d 1364 (1981).

Before this Court, Claimant alleges that the Board capriciously disregarded competent evidence of the fact that he had no reasonable expectation of reemployment prior to July 27, 1979. After a careful review of the record, we agree.

At the referee's hearing Claimant testified that he had been informed by the district that he would not be rehired for the 1979-80 school year because of declining enrollments, and offered two letters into evidence to substantiate this allegation. The first letter, dated April 4, 1979, was a letter of recommendation from a district school principal which stated, *inter alia,* that

Claimant would probably be dismissed because of declining enrollments. The second letter was a pension refund form which the district mailed to Claimant on June 5, 1979. This form states on its face that it is for employes who are either retiring from or leaving the district.

The record also shows that Claimant received a letter from the district, dated June 4, 1979, which offered to hire Claimant as a per diem substitute teacher when school reopened in the fall. Claimant testified, however, that he never intended to accept this offer, and introduced into evidence several rejection letters which showed that he had applied for jobs outside the district after the offer was made.

Viewing the evidence as a whole, we believe that Claimant sustained his burden of proving that he was "available for suitable work" prior to July 27, 1979, the date he was officially rehired by the district. Similarly, we believe that the record clearly shows that Claimant did not have a "contract" of employment within the intendment of Section 402.1(1) of the Law, prior to July 27, 1979. We conclude, therefore, that the Board improperly denied benefits for the claim week ending July 21, 1979. Since Claimant admittedly had a contract for reemployment as of July 27, 1979, however, we will sustain the Board's denial of benefits for the claim week ending July 28, 1979.

Accordingly, we enter the following

ORDER

AND Now, June 19, 1981, the Decision and Order of the Unemployment Compensation Board of Review, dated November 23, 1979, Decision No. B-178092, is affirmed insofar as it denies benefits to Lawrence Foti for the claim week ending July 28, 1979, and is reversed insofar as it denies benefits for the claim week ending July 21, 1979. This case is hereby re-

manded to the Board for computation of benefits in accordance with the opinion above.

Judge WILKINSON, JR. did not participate in the decision in this case.