Sharon R. Bornstein, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MacPHAIL, sitting as a panel of three.

*Marc Alan Krefetz,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, November 3, 1982:

Sharon R. Bornstein (Claimant) has filed this Petition for Review from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's decision[1] which denied Claimant benefits pursuant to Section 402.1(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(1).

For purposes of this appeal, Claimant had been employed as a Long Term Substitute Teacher[2] by the School District of Philadelphia (Employer) for each school year from December of 1975 through the 1980-81 school year. Her last day of work was June 29, 1981, the last day of school before summer vacation. Subsequently, Claimant sought benefits for the

---

[1] The referee's decision was adopted by the Board as its decision.

[2] As such, she was employed every day of the school year.

claim weeks ending July 4, 1981 and July 11, 1981. The Board determined that Claimant had a "reasonable assurance" of returning as a Per Diem Substitute during the 1981-82 school year and denied benefits.

Section 402.1(1) bars an instructional employee in an educational institution from benefits for periods between successive academic years or terms "if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms."

"Reasonable assurance" is not defined in the statute. However, this Court has, on a variety of occasions, set forth its interpretation of that term. To begin with, "there must be some evidence of mutual commitment or assurance between the teacher and employer to recall the former, so that the teacher can be said to have a reasonable expectation of returning to employment in the next term." *Aronson v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 177, 179, 424 A.2d 972, 973 (1981). There must be more than a mere hope of returning in the fall. *Id.* Section 402.1(1) does not require a guarantee of future employment, only a reasonable assurance and what constitutes "assurance" is a matter to be determined by the Board based upon relevant facts. *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 42, 408 A.2d 1178, 1180 (1979). A number of factors have been considered relevant in determining reasonable assurance: employment history, *Neshaminy School District v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 543, 426 A.2d 1245 (1981); *Aronson; Louderback v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 501, 409 A.2d

1198 (1980); *Goralski*, an offer to place a claimant on the substitute list and the acceptance of said offer, *Foti v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 128, 430 A.2d 1043 (1981); *Neshaminy School District; Bitler v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 403, 425 A.2d 54 (1981), and placement of a claimant on the substitute list being clearly communicated by the employer to the claimant. *Aronson; Hansen v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 440, 422 A.2d 707 (1980); *Goralski*. The offer of work need not be in the same capacity, however, *Neshaminy School District*, and the conditional nature of Per Diem Substitute work is not itself relevant to a determination of "reasonable assurance." *Id.*

In light of all of the above standards, we feel constrained to order a remand in this case. It is clear from the referee's findings that Claimant was informed that her position as a Long Term Substitute was to be reverted to that of a Per Diem Substitute and that the offer of such work would be based on the rules covering Per Diem Substitutes. Claimant sought to show, however, that under these per diem rules, she would have low seniority and thus no real assurance of future employment. *Aronson; Louderback*. No findings were made by the Board in this regard. It is also clear that Claimant did fill out a form indicating her availability for per diem work. There is no finding by the Board, however, concerning whether this form resulted in a mutual commitment or assurance of recall. *Aronson*. There is another letter in the record from the Employer which may show mutual commitment, but there is a dispute over whether Claimant received that letter prior to the weeks in question and there is nothing in the Board's findings which would resolve that dispute.

In short, we are unable to perform our appellate review of whether the Board's conclusion that Claimant had "reasonable assurance"[3] of returning to her employment. As our Supreme Court said in *Page's Department Store v. Velardi*, 464 Pa. 276 at 287, 346 A.2d 556 at 561 (1975), findings of fact "must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision." Here, as we have noted, the Board has failed to make findings critical and relevant to our ultimate decision.

## ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-199155, is vacated and the case is hereby remanded for the making of further findings in accordance with this opinion.

---

[3] Claimant has argued that this Court's decision in *Foti v. Unemployment Compensation Board of Review* stands for the proposition that if a teacher actively seeks employment during summer months then the teacher is available for work under Section 401(d) of the Law, 43 P.S. §801(d), and thus eligible for benefits. Suffice to say that availability for work was not at issue in this case. We would note that our Supreme Court has recently disapproved of a "short period/intent to return" disqualification under Section 401(d). *See Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981).