Richland School District, Petitioner *v*. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Donna Hoza, Intervenor.

Richland School District, Petitioner *v*. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Judith A. Shomo, Intervenor.

Submitted on briefs February 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Ralph F. Kraft, Kraft & Rizzo,* for petitioner.

*William K. Eckel,* for intervenors.

*William Fearen,* with him *Michael I. Levin, Cleck-ner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE MACPHAIL, May 23, 1983:

Richland School District (District) brings a con-solidated appeal from two orders of the Unemploy-ment Compensation Board of Review (Board) which affirmed and adopted the decisions of a referee grant-ing unemployment compensation benefits to Donna Hoza and Judith Shomo (Claimants), furloughed pro-fessional employees, for the weeks between the end of one school year and the beginning of the next succes-sive school year.

The facts of this case are not in dispute. Claimant Hoza was employed as an art instructor employed by the District for the past eight years. She was a ten-ured teacher on a nine month contract which com-menced on July 1, 1980 and expired on June 30, 1981. Claimant Hoza received her last pay on June 11, 1981, for the period through June 30, 1981. Claimant Shomo

was classified as a preferred substitute.[1] She worked as a Health and Physical Education teacher for the district from January of 1981 until June 5, 1981.

Claimants Hoza and Shomo were notified by letter, respectively, on May 29, 1981 and May 8, 1981, that they would be suspended as professional employees because of a substantial decline in student enrollment in the District.

On June 4, 1981, Claimants received the following written notice from the District notifying them that their names would be placed on substitute teacher call lists:

In view of your recent suspension as a professional employe of the Richland School District, this letter shall serve as a reasonable assurance that your name will appear on the approved Substitute Teacher listing for the 1981-82 school year.

You will, accordingly, be called to work in the District as your services are needed.

Claimant Shomo was offered a position[2] as a librarian, which she accepted on July 28, 1981, to be effective at the start of the 1981-82 school year with full salary and benefits.

The Office of Employment Security (Office) ruling under Section 402.1(1)[3] of the Unemployment Compen-

---

[1] The testimony of record explains that a preferred substitute is a tenured professional employee with full benefits as opposed to a long term substitute.

[2] The record indicates that Claimant Hoza accepted a long term substitute position starting in January of 1982 as an art teacher; however, the Board made no finding on this point.

[3] Section 402.1(1) states that a professional employee in an educational institution is ineligible for benefits during periods between successive academic years or terms "if such individual performs such service in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms."

sation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2829, *as amended,* 43 P.S. §802.1 (1) held that Claimants were ineligible for benefits because they had a reasonable assurance of performing services for the District in the next school year. The referee affirmed the Office's determination in part and reversed in part. The Board then affirmed the referee.

The Board, in both cases, denied benefits for the waiting week ending June 13 and compensable week ending June 20, 1981 through June 30, 1981 because under their previous contracts the Claimants were paid up until June 30, 1981. In the case of Claimant Hoza, however, the Board allowed benefits beginning July 1, 1981 on the basis that she did not have a reasonable assurance of performing services for the District in the upcoming year. Concerning Claimant Shomo, the Board held that she was entitled to benefits beginning July 1, 1981 through August 1, 1981, reasoning that on June 15, 1981, Claimant Shomo did not have a reasonable assurance of work as required by Section 402.1(1) of the Law. Benefits were denied from the date of August 2, 1981, and subsequent thereto.

The term reasonable assurance is not defined in the statute. This Court, however, has interpreted it to require, absent a formal agreement to rehire, ''objective evidence of mutual commitment between the teacher and employer to recall the former [so that] the teacher has a reasonable expectation of returning to employment in the next academic term.'' *Goralski v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 39, 41-42, 408 A.2d 1178, 1180 (1979).

This does not require a guarantee of re-employment, but rather a reasonable assurance that the teacher will be hired during the subsequent term. *Id.* What constitutes a reasonable assurance must be determined

by the Board based upon its examination of all the relevant facts. *Bornstein v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 521, 451 A.2d 1053 (1982).

As we have noted in *Bornstein,* 69 Pa. Commonwealth Ct. at 523-4, 451 A.2d at 1055, "[a] number of factors have been considered relevant in determining reasonable assurance: employment history, an offer to place a claimant on the substitute list and the acceptance of said offer, and placement of a claimant on the substitute list being clearly communicated by the employer to the claimant." (Citations omitted).

Claimants, as intervenors in this appeal, contend that unilateral placement of their names on the substitute list, with no assurance as to how many, if any, days of employment would be offered to them, does not constitute reasonable assurance of reemployment.

We have already stated that Section 402.1(1) does not require a guarantee that Claimants will be reemployed. *Goralski.* Nor does it require the assurance of how many days employment would be offered. The nature of a substitute teacher position is inherently indefinite since it depends on the occurrence of unforeseen vacancies in the teaching faculty, however, the employment possibilities of a substitute teacher remain reasonably assured so long as the Claimants intend to do the work and the district expects to offer the work as it becomes available. *Louderback v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 501, 504-505, 409 A.2d 1198, 1200 (1980).

The evidence shows that the District placed Claimants' names on the substitute teacher call lists automatically and notified Claimants that it would do so. Claimants testified that they did not ask to have their names purged from the list. In fact, the Board found Claimants made themselves available for the substi-

tute call list as a per diem, day-to-day, or long term substitute. Claimants nevertheless rely on *Foti v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 128, 430 A.2d 1043 (1981) saying that it is analogous to this case since the claimant there specifically rejected placement of his name on the per diem substitute list and on that basis they contend this Court should find in the instant case as they did in *Foti.* It held that claimants did not have reasonable expectation of reemployment following their furloughs. First of all, in *Foti,* there is no mention that claimant rejected placement of his name on a substitute list, rather that case dealt with claimant's intention not to accept a per diem substitute position offered to him. This is not the situation before us.

Clearly, under present case law, Claimants had a reasonable assurance of re-employment under Section 402.1(1). Claimants had been employed by the District over a period of years. Although furloughed, they were informed by letter that their names would appear on the substitute list and they made no attempt to remove their names from the list. *See Neshaminy School District v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 543, 426 A.2d 1245 (1981).

Furthermore, the District presented evidence showing that Claimants were advised that they would be reinstated on the basis of their seniority and that the District could not fill a vacancy by a new appointment when there was a suspended professional employee available who was properly certified, or who could obtain a waiver of certification requirements. Based on these factors, we believe a mutual commitment existed between Claimants and the District. Thus, we hold that Claimants could reasonably have expected that they would be offered some type of employment with the District during the 1981-82 school year.

Therefore, we need not address the last issue raised by the Claimants as to whether the concept of reasonable assurance must be interpreted in conjunction with the availability for suitable work provision under Section 401(d) of the Law, since we have concluded that Claimants must be denied benefits since they had a reasonable assurance of re-employment. *Neshaminy.*

## ORDER

It is ordered that the orders of the Unemployment Compensation Board of Review dated October 21, 1981 and numbered B-200451 and B-200450, are hereby affirmed insofar as they relate to the disallowance of benefits from the period of June 13 through June 30, 1981, and those decisions are reversed insofar as they relate to the period beginning July 1, 1981, and such benefits are denied.