Gary J. Guth, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 16, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

80

*Gary J. Guth,* petitioner, for himself.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 15, 1984:

Gary J. Guth (claimant) petitions, pro se, for review of the decision and order of the Unemployment Compensation Board of Review (Board) denying benefits to him under the provisions of Section 402.1-(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(1), for the weeks ending July 18, 1981, July 25, 1981, August 1, 1981, August 8, 1981 and August 15, 1981.

The claimant was last employed by the Abington School District (Abington) as a long term substitute teacher for the 1980-81 school year. His last day of work for Abington was June 30, 1981.

Prior to June 30, 1981, he received a letter from Abington's Administrative Assistant for Personnel Services, which advised him that his long term substitute teaching assignment would terminate with the close of that school year and that, although there was

very little chance that Abington would need his services as a long term substitute teacher in the 1981-82 school year, he would be contacted should such a position become available in the future. This letter also advised the claimant that according to Abington's policy his name would be placed on a list from which Abington would fill its needs for per diem substitute teachers in the 1981-82 school year. The claimant made no response to this letter nor did he make any effort to prevent his name from being placed on the list.

At some time between the end of the 1980-81 school year and the beginning of the 1981-82 school year, the claimant relocated with his wife from the Abington area, which is in Montgomery County, to Castanea, Pennsylvania, which is in Clinton County. His wife had obtained a teaching position with the Keystone Central School District (Keystone) for the 1981-82 school year. At some time after June 30, 1981, the claimant also placed his name on the substitute teaching list of Keystone and of the Williamsport Area School District (Williamsport).

In his brief, the claimant has presented a multitude of "questions" for our review; however, in the interests of clarity and brevity, we have distilled his objections to the Board's adjudication as follows: (1) did the Board err as a matter of law when it concluded that, during the weeks at issue, there was reasonable assurance that he would return to school employment for the 1981-82 school year and (2) did the Board abuse its discretion by denying his requests for a remand hearing and for an opportunity to present oral argument to the Board.

Section 402.1(1) provides for the exclusion of certain employees of educational institutions from the protection of the Act.

> With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

While the term "reasonable assurance" is not defined in the Act, we have interpreted it "to require, absent a formal agreement to rehire, 'objective evidence of mutual commitment between the teacher and employer to recall the former so that the teacher has a reasonable expectation of returning to employment in the next academic term' . . . ." *Richland School District v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 413, 416, 459 A.2d 1358, 1360 (1983) (citation omitted). There must be more than a "mere hope" of returning, *Langer v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 88, 407 A.2d 123 (1979), but less than a "guarantee." *Goralski v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979). Reasonable assurance is a matter to be determined by the Board based upon the relevant facts. *Neshaminy School District v. Unem-*

*ployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 543, 426 A.2d 1245 (1981). "A number of factors have been considered relevant to determining reasonable assurance: employment history, an offer to place a claimant on the substitute list and the acceptance of said offer, and the placement of a claimant on the substitute list being clearly communicated by the employer to the claimant." (Citations omitted.) *Bornstein v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 521, 524, 451 A.2d 1053, 1055 (1982).

Where a substitute teacher is involved, we have held that Section 402.1(1) does not even require the assurance of how many days of employment would be offered. *Louderback v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 501, 409 A.2d 1198 (1980). Substitute teaching is by its nature inherently indefinite depending as it does on the occurence of unforeseen vacancies in the teaching faculty; however, the employment possibilities of a substitute teacher remain reasonably assured so long as the claimant intends to do the work and the district expects to offer the work as it becomes available. *Richland School District.*

In order to reach such a conclusion, we must determine when the reasonable assurance came into existence, if at all, with regard to the compensable weeks at issue. *Lyman v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 348, 463 A.2d 1270 (1983); *Foti v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 128, 430 A.2d 1043 (1981).

In *Lyman,* we refused to interpret reasonable assurance in hindsight. There, we found reasonable assurance in the weeks at issue where in May, 1981, the

Philadelphia School District made a good faith assurance of continued employment for the next school year to the claimant even though a financial crisis in the Philadelphia public school system, which led the board of education to adopt a budget calling for the elimination of 3,400 teaching positions and which led to a work stoppage in September, 1981, caused the school district to fail to provide her with classroom assignments in the fall. We rejected Lyman's argument that we should evaluate the reasonableness of the school district's assurance in light of events which occurred well after May 14, 1981 when she received notice from the school district informing her that she would be placed on the per diem substitute teacher list for the 1981-82 school year which she accepted shortly thereafter.

·· In *Foti*, we accepted the claimant's testimony and several rejection letters which demonstrated that he had applied for jobs outside of the school district in which he had been teaching during the 1978-79 school year as the necessary objective evidence of an intent not to accept an offer of work in the 1979-80 school year as a per diem substitute teacher. From such a showing, we concluded that until Foti accepted an offer of reemployment as a long term substitute teacher for the 1979-80 school year on July 27, 1979 he could not be denied benefits under Section 402.1(1). Consequently, we reversed the Board's denial for the week ending July 21, 1979 and affirmed it for the week ending July 28, 1979.

In applying these principles to the instant case, we are left to speculate whether during the weeks at issue, the claimant intended to remain on Abington's substitute list so that the necessary mutuality may be found here or whether his action of placing his name on the substitute list of Keystone and of Williamsport

created such a commitment. The Board made the following findings of fact:

1. The claimant was last employed by Abington School District as a long term substitute teacher, at a salary of $12,400 for the period September 1980 to June 30, 1981, which was claimant's last day of work.

2. Claimant was informed by letter dated May 8, 1981 that his assignment would terminate with the close of the school year and that his name would automatically be assigned to the per diem substitute list.

3. Claimant relocated to Castanea, Pa. because his wife obtained a teaching position in music with the Keystone Central School District.

4. Claimant is on the substitute list with the Keystone Central School District and the Williamsport Area School District.

5. Had he remained in the Abington School District Area, claimant would have accepted *per diem* work. (Emphasis in original.)

None of these findings state when the claimant relocated his residence or when he placed his name on the substitute lists at Keystone and Williamsport. If the claimant moved to Clinton County before the weeks at issue, such conduct would be objective evidence of a lack of mutual commitment of reemployment between the claimant and Abington as were the rejection letters in *Foti;* consequently, he could not be held to have had reasonable assurance in such weeks with regard to Abington. If he did not place his name on the Keystone and Williamsport lists until after the weeks at issue then it is equally clear that no reasonable assurance of reemployment in the 1981-82 school year

with those districts could be found for such weeks.[1] Therefore, the failure of the Board to make the necessary findings of fact as to when he moved and when he placed his name on the substitute lists at Keystone and Williamsport has created a factual void as to the claimant's status under Section 402.1(1) during the weeks at issue; a void which this Court, in our appellate review function, cannot fill. *Wagner v. Unemployment. Compensation Board of Review,* 74 Pa Commonwealth Ct. 593, 460 A.2d 1210 (1983). Accordingly, we must vacate the Board's decision and order and remand the case to the Board so that it may make the necessary findings of fact.[2] *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975); *Bornstein.*

## ORDER

AND Now, this 15th day of March, 1984, the decision and order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the record therein is remanded to the Board so that it may make the necessary findings of fact and, if necessary, hold further proceedings consistent with this Opinion.

Jurisdiction relinquished.

---

[1] If the claimant placed his name on the lists at Keystone and Williamsport prior to the weeks involved, Section 402.1(1) would operate to deny benefits to him in such weeks because it expressly provides that the necessary school employment in the second academic year or term involved can be in any educational institution.

[2] If the Board determines that the record in this case is inadequate to make such findings, then a further hearing will be required. *See, Brenner v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 428, 461 A.2d 921 (1983). Under such circumstances, we need not address the claimant's procedural objections.