Robert W. Perry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

558

Submitted on briefs March 12, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*William A. Hebe, Spencer, Gleason & Hebe,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 18, 1984:

Claimant in this case, Robert W. Perry, appeals from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying him benefits. After a careful review of the issues presented, we affirm the Board's decision.

Claimant was last employed by South Williamsport Area School District (District) as a full time tenured

teacher. After seven and one-half years of service Claimant was notified that full time teaching work would not be available for him the following academic year, but that the District would place his name on the substitute teacher list if Claimant so desired. Claimant accepted the District's offer.

The referee's decision to deny Claimant benefits turns on the interpretation to be given Section 402.1-(1) of the Pennsylvania Unemployment Compensation Law (Law)[1] which provides that,

Benefits based on service for educational institutions pursuant to Article X, XI or XII shall as hereinafter provided be payable in the same amount, on the same terms and subject to the same conditions as outlined in section 404(g); except that:

(1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

---

[1] Act of December 5, Second Ex. Sess., (1937), *as amended,* 43 P.S. §802.1(1).

In the absence of an employment contract, as is the case here, we must center our inquiry around the term "reasonable assurance".

We note that the term "reasonable assurance" has not been defined by the legislature and therefore we must seek guidance elsewhere. After reviewing the relevant case law it becomes clear that our decision in the case at bar should be guided by the recent interpretation of Section 402.1(1) by Judge JOHN MAC-PHAIL in *Richland School District v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 413, 459 A.2d 1358 (1983).

*Richland*, whose facts closely parallel those of the case before us, holds that "reasonable assurance", contrary to Claimant's conclusion, does not require a guarantee of reemployment. *Richland*, 459 A.2d at 1360. Rather, reasonable assurance is to be determined from a number of relevant factors including Claimant's employment history, whether or not there has been an offer made to place the claimant on a substitute teacher list, the acceptance of such an offer and the likelihood of being called as a substitute in the following academic year.[2]

The Claimant is a tenured professional, has worked for the District for more than seven years, was offered the option of having his name added to the substitute list and indeed, accepted the offer. We believe that a reasonable assurance that the Claimant would be re-employed the following academic year existed at the

---

[2] *See Bornstein v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 521, 523-24, 451 A.2d 1053, 1055 (1982); *see also Louderback v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 501, 504-05, 409 A.2d 1198, 1200 (1980); *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979).

time of his application for benefits. Accordingly, we affirm the decision of the Board.

ORDER

AND Now, May 18, 1984, the order of the Unemployment Compensation Board of Review, No. B-199-744, in the above-captioned matter is hereby affirmed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. I believe this case differs from *Richland School District v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 413, 459 A.2d 1358 (1983). In *Richland* the school district wrote to the claimants as follows "This letter shall serve as reasonable assurance that your name will appear on the [substitutes listing]" and that "[y]ou will, accordingly, be called to work in the District as your services are needed." Also, in *Richland* the district told the claimants that they would be reinstated on the basis of their seniority as vacancies occurred.

Here all we have is the claimant's suspension and an offer to place his name on the substitutes list which he accepted. The school board secretary testified as follows:

Q: In terms of substitute employment for the upcoming school year, is the District in the position to assure Mr. Perry he will have any particular number of days of work.

A: No.

Q: There's no guarantee of a single day of work is there?

A: No.

It is true that in some of our myriad of cases on this subject we have said the obvious, that the phrase rea-

562

sonable assurances imports less certainty of employment than the word guarantee. It is also true that the word guarantee was used in the second question asked of the witness. But the first question was whether the District was able to "assure . . . any particular number of days of work" and the answer was no. This was not reasonable assurance; it was no assurance.

I would reverse the order.