[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed to this court pursuant to Conn. Gen. Stat. Sec. 31-249b from a decision of the Employment Security Board of Review (the "Board") denying him unemployment compensation benefits. Because the appeal essentially asks this court to reconsider the Board's findings of fact, the appeal must be dismissed.
The plaintiff is an adjunct college professor working without a contract. Conn. Gen. Stat. Sec. 31-227(d)(1) provides that unemployment compensation benefits need not be paid to an educational worker for the period between two successive academic years if there is a "reasonable assurance" that the worker will be CT Page 31 employed by an educational institution in the second academic year. All parties agree that the question in this case is whether the plaintiff, who had been employed by Sacred Heart. University (the "employer") in the 1988-89 academic year had a "reasonable assurance" of educational employment during the 1989-90 academic year.
The defendant Administrator found the plaintiff eligible for unemployment benefits, and the employer took a timely appeal. On September 14, 1989, an appeals referee reversed. The plaintiff then filed a timely appeal to the Board. On November 7, 1989, the Board affirmed the referee. The plaintiff then appealed to this court, where a hearing was held on December 18, 1990.
The Board's decision like that of the referee, was based or. the conclusion that "although the offer of reemployment made to the claimant was contingent upon factors beyond the claimant's control, the totality of the circumstances indicated that the claimant was likely to become reemployed." (Board decision at 2.)
The Board found the following facts to be particularly probative:
 First, the claimant had taught at Sacred Heart University for every semester since the fall of 1986. The classes which the claimant. was offered are required courses for which enrollment has been rising . . . . Finally, the employer made additional offers to the claimant in May, 1989.
Id.
In reaching this decision, the Board distinguished a decision, it had made in 1986 involving this very same claimant., who had, in 1985, taught at Post College and Mattatuck Community College, The Board had determined in 1986 that the plaintiff's sporadic employment at those institutions did not then give rise to a reasonable assurance of employment in the future. The Board now (in 1990) found that the factors, just enumerated, concerning plaintiff's employment at Sacred Heart University mandated a conclusion chat a reasonable assurance of employment existed in May 1989.
It is of interest that the plaintiff informed the court at the hearing that he did, in fact, go back to work in the 1989-90 academic year.
In his appeal, the plaintiff essentially argues that the Board erred "because it has not properly applied the facts" to the CT Page 32 1986 precedent. He has adduced factual arguments that the employment situations at Post, Mattatuck, and Sacred Heart University were all similar in their "iffiness." There are two problems with this approach. First, "[t]o the extent that an administrative appeal, pursuant to General Statutes Sec. 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence." United Parcel Service Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). Second," [t]he court's function is to determine on the record whether the [Board] acted unreasonably, arbitrarily or illegally." Robinson v. Unemployment Security Board, 181 Conn. 1, 5,434 A.2d 293 (1986).
"[T]he nature of what constitutes `assurance' must be determined by the Board's examination of all the relevant facts." Goralski v. Commonwealth, 48 Pa. Commw. 39, 408 A.2d 1178, 1180
(1979). Upon a review of the record, the court is satisfied here that the Board's decision was properly grounded upon a thorough consideration of the totality of the circumstances, that if legitimately distinguished its 1986 decision involving Dr. Rinaldi, and that it did not act unreasonably, arbitrarily, or illegally.
The appeal is dismissed.
Dated at Waterbury this 31st day of December, 1990.
JON C. BLUE JUDGE OF THE SUPERIOR COURT