# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shelly Teska,                                    :
              Petitioner          :
                           :
          v.                                      :    No. 1669 C.D. 2016
                           :    SUBMITTED:  March 3, 2017
Unemployment Compensation         :
Board of Review,                          :
              Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION
BY JUDGE HEARTHWAY              FILED:  May 11, 2017


        Shelly Teska (Claimant) petitions for review, *pro se*, from an order of the Unemployment Compensation Board of Review (Board) that found her ineligible for unemployment compensation (UC) benefits under Section 402.1(2) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 402.1 of the Act of July 6, 1977, P.L. 41, 43 P.S. § 802.1(2).  Section 402.1(2) of the Law provides in pertinent part as follows:

> With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive

**(Footnote continued on next page…)**

Claimant was employed by Warren & Forest Counties Economic Opportunity Counsel, Inc. (Employer) as a Head Start Teacher's Aide and Bus Monitor (Aide). Claimant began working as an Aide on September 1, 2015. She worked five hours a day, Tuesday through Friday, and her last day was May 19, 2016, the end of the academic year. Prior to this, Claimant worked as a teacher for Employer since August 25, 1995.

At the end of the academic year, Claimant filed for UC benefits. Claimant filled out the UC questionnaire, indicating that she was due back on August 31, 2016. (Cl. Questionnaire, at 1.) Claimant further indicated that she was given a "reasonable assurance" of returning to work after the break. (*Id.*) She wrote that she was given this assurance by Employer both verbally and in writing around May 19, 2016. (*Id.*)

Employer filled out the UC questionnaire setting forth that on May 19, 2016, Claimant was given a written "reasonable assurance" of returning to work after the break. (Emp'r. Questionnaire, at 2.) In Employer's Separation Response, Employer stated that Claimant was "likely to return" and listed a recall date of September 1, 2016. (Separation Response, at 1.)

---

**(continued…)**

academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

43 P.S. § 802.1(2).

2

Based upon the information provided, the local service center found Claimant ineligible for benefits under Section 402.1(2) of the Law, 43 P.S. § 802.1(2). Claimant appealed to the referee, who held a hearing at which Claimant and a representative of Employer testified and presented evidence.

Although Employer asserted that it does not contest Claimant's benefits, Employer stated that Claimant would be returning to work when school resumes.[2] Employer testified that it provided Claimant a letter listing her expected date of recall as August 31, 2016. (N.T., 7/26/16, at 4-5.) Employer further testified that it is notified by the federal government regarding funding sometime in July or early August and that the funding is expected, as "it's just that fluid." (*Id.* at 7-8.)

Claimant testified that Employer is not a school and that her return is dependent upon federal funding. (*Id.* at 4.) Claimant also read into the record a letter from the Head Start Director (Director), dated July 7, 2016, which states as follows:

> [Employer] … provides Head Start services to eligible children and their families.
>
> The Head Start program, which is federally funded, provides services for approximately nine months during

---

[2] "It is for the referee and Board to determine a claimant's eligibility for benefits in [UC] cases by determining the facts and applying the law. It is not for an employee and employer to determine eligibility for benefits by agreement." *Turner v. Unemployment Compensation Board of Review*, 381 A.2d 223, 224 (Pa. Cmwlth. 1978). "The Board is charged with the duty of safeguarding the [UC] fund." *Phillips v. Unemployment Compensation Board of Review*, 30 A.2d 718, 723 (Pa. Super. 1943).

the year. At the end of the program year Classroom Aides are laid off since no work is available. Aides do not receive any reasonable assurance of a return. If call backs occur it is usually in September.

(*Id.* at 5-6; Cl. Ex. 1.) Claimant testified that this letter was sent to her by the Director for the hearing. (N.T., at 6.) Claimant further testified that she has not heard anything about returning to work, that she received the "Employer Information" on the last day of school, which gave her an expected date of recall of August 31, 2016, and that the recall is "not a sure thing but that is around the date that I would return . . . if I receive a letter." (*Id.* at 6-7; Cl. Ex. 2.)

Based on the testimony and evidence received, the referee found that Employer gave Claimant a reasonable assurance of returning to work on August 31, 2016. (Ref. Decision, 7/29/16, at 2.) Thus, the referee affirmed the service center, finding Claimant ineligible for benefits under Section 402.1(2) of the Law, 43 P.S. § 802.1(2). Claimant appealed to the Board, which adopted and incorporated the referee's findings of fact and conclusions of law and affirmed the referee's decision. (Board Decision, 8/30/16, at 1.) Claimant now petitions this Court for review.[3]

On appeal, Claimant initially argues that Employer is not an "educational institution" as defined in Section 402.1(2) of the Law, 43 P.S. § 802.1(2). This Court has consistently held that a Head Start program is an

---

[3] Our review is limited to whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

educational institution as defined in the Law. *See Juniata County Childcare & Development Services, Inc. v. Unemployment Compensation Board of Review*, 6 A.3d 1037 (Pa. Cmwlth. 2010) (determining that the employer's Head Start program is an educational institution as defined in Section 402.1(2) of the Law, 43 P.S. § 802.1(2)); *Montgomery County Head Start v. Unemployment Compensation Board of Review*, 938 A.2d 1137 (Pa. Cmwlth. 2007) (determining that a direct federal grantee operating a Head Start program is an educational institution). Thus, this argument must fail.

As such, the only issue before this Court is whether the Board erred in determining that Employer provided Claimant a "reasonable assurance" of continued employment.

A reasonable assurance has been interpreted by this Court "to require, absent a formal agreement to rehire, 'objective evidence of mutual commitment between the teacher and employer to recall the former [so that] the teacher has a reasonable expectation of returning to employment in the next academic term.'" *Richland School District v. Unemployment Compensation Board of Review*, 459 A.2d 1358, 1360 (Pa. Cmwlth. 1983) (citation omitted). "This does not require a guarantee of re-employment, but rather a reasonable assurance that the teacher will be hired during the subsequent term." *Id.*

Here, the Board found that Employer gave Claimant an Employer Information form that indicated an expected date of recall of August 31, 2016. Further, both Claimant and Employer filled out their respective UC questionnaires

5

to indicate that Claimant had a reasonable assurance of continued employment. Additionally, both Claimant and Employer testified that Claimant was given a recall date of August 31, 2016.

Claimant, however, argues that her return to work was uncertain because it was linked to pending federal funding.[4] Claimant presented a letter that was written in anticipation of the hearing, which indicated that an Aide is not given a reasonable assurance of returning in the fall, but that an Aide's return is dependent upon funding.

Here, however, the Board chose to credit the testimony and evidence of Employer and Claimant that Claimant did receive a reasonable assurance of returning in the fall. It also chose to apply little regard to the letter written in anticipation of the hearing. The Board is the ultimate finder of fact and we will not overturn its findings if they are supported by substantial evidence. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). A review of the record reveals that there is ample testimony and evidence

---

[4] We note that federally funded Head Start programs are considered educational institutions under Section 402.1(2) of the Law and their funding is not an issue to be considered when determining whether a teacher was given a reasonable assurance of return. *See Richland School District*, 459 A.2d at 1360 (stating factors to consider in determining reasonable assurance, *i.e.*, employment history and communication of recall or offer). A potential shortfall in funding for an educational institution is a common reality faced by many employers and employees alike. However, such uncertainty cannot negate an employer's reasonable assurance of return. As stated previously, it is an assurance, not a guarantee of return. To find otherwise would effectively negate Section 402.1(2) of the Law.

6

to support the Board's finding that Employer gave Claimant a reasonable assurance of returning in the fall.

Accordingly, we affirm the Board.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shelly Teska, : 
　　　　　Petitioner : 
　　　　　　　　　　　　 : 
　　　　v. : No. 1669 C.D. 2016
　　　　　　　　　　　　 : 
Unemployment Compensation : 
Board of Review, : 
　　　　　Respondent : 

## O R D E R

AND NOW, this 11th day of May, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shelly Teska, : 
                Petitioner : 
                 : 
        v. : No. 1669 C.D. 2016
                 : Submitted: March 3, 2017
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: May 11, 2017

      Because the Unemployment Compensation Board of Review (Board) capriciously disregarded uncontradicted evidence, there was not substantial evidence to support the Board's finding that Shelly Teska (Claimant) had a reasonable assurance of returning to the same position following her term, and employer admits that it did not meet its burden to so establish, I respectfully dissent from the majority's finding that Claimant is ineligible for unemployment compensation benefits under Section 402.1(2) of the Unemployment Compensation Law (Law).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, added by the Act of July 6, 1977, P.L. 41, *as amended*, 43 P.S. § 802.1(2). Section 402.1(2) provides, in pertinent part:

**(Footnote continued on next page…)**

Claimant is employed by the Warren & Forest Counties Economic Opportunity Council, Inc. (Employer) in its Head Start Program. Claimant filed for unemployment compensation benefits which were denied by the Unemployment Compensation Service Center (Service Center) as it found her ineligible for benefits under Section 402.1(2) of the Law because she had reasonable assurance to return to work.

At the July 26, 2016 hearing before the Referee, Claimant testified that when she was laid off, Employer had not given her a letter stating that she had reasonable assurance of returning to work. She testified that she received an Employer Information Form (UC-1609P), which is an Office of Unemployment Compensation form filled out by her Employer that set forth the Employer's address and Employer's contact person and informed laid off employees where and how to file for unemployment compensation. The form had a block that stated "Expected Date of Recall" and Employer filled that block in with 8/31/2016. At the prompting of the Referee, the form was introduced into evidence. When asked by the Referee

---

**(continued…)**

> With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

43 P.S. § 802.1(2).

whether Claimant had "heard anything about going back to work" she replied "No." (N.T. 7/26/2016[2] at 6.) Claimant stated that she would not receive such a letter because aides being asked to return to work were dependent on program renewal, program funding and aides' past performance evaluations. She testified that federal funding was not assured and no one knew how many classrooms or the hours of the classes because Roxanne Carifo, Employer's Head Start Director (Head Start Director Carifo), was asking for changes in the hours, days of the week and number of classrooms.

All of this was confirmed by a letter written by Head Start Director Carifo stating:

> The Warren-Forest Counties Economic Opportunity Council which is the County's Community Action Agency provides Head Start services to eligible children and their families.
>
> The Head Start program, which is federally funded, provides services for approximately nine months of the year. At the end of program year Classroom Aides are laid off since no work is available. **Aides do not receive any reasonable assurance of a return.**

(Record Item No. 8, Referee's Hearing: Transcript of Testimony w/Claimant Exhibits, dated 7/26/2016.) (Emphasis added.) Employer consented to the letter's admission into evidence.

_____

[2] "N.T. 07/26/16" refers to the transcript of the July 26, 2016 hearing before the Referee.

DRP - 3

Robert Raible, Employer's Executive Director (Executive Director Raible), testified that he did not know why Claimant's unemployment had been denied because Employer does not oppose granting Claimant unemployment compensation benefits. In response, the Referee asked, "as far as you know she will be returning on August 31st she'll be returning in the same position," to which Executive Director Raible answered "Correct." Later in the hearing, after he was asked by the Referee if he had anything else to add, Executive Director Raible said "No." The Referee then went on to ask if there was a specific deadline as to when the Employer could expect to receive funding, and Executive Director Raible answered, "[W]e know it's coming but we just haven't received it yet. . . . We expect it. It could be there right now. . . . I mean it's just that fluid." (N.T. 07/26/16 at 8.)

Without addressing the letter sent by Head Start Director Carifo, Claimant's testimony that she never received notice that changes were coming to the program, the fact that funding had not been secured or the other evidence adduced at the hearing, the Referee just made one finding (Finding of Fact 6) addressing whether Claimant had been given a reasonable assurance of return, stating "when Claimant was laid off for the Summer, she was given by her Employer an [Office of Unemployment] Employer Information Form indicating an expected date of recall of August 31, 2016."[3]

---

[3] After the Board's decision, Claimant issued a Request for Reconsideration, which the Board denied.

The majority affirms because the "Board chose to credit the testimony and evidence of Employer and Claimant did receive a reasonable assurance of returning in the fall. It also chose to apply little regard to [Head Start Director Carifo's] letter written in anticipation of the hearing." (Majority Slip Opinion at 6.) I disagree with the majority for several reasons.

First, the majority's statement that the Board gave "little regard" to Head Start Director Carifo's letter is an understatement because it gave "no regard" to that letter or any of the evidence proffered by both Claimant and Employer that Claimant did not have a reasonable assurance to return. It did not mention Claimant's testimony that she never received written notice at the time of the July 26, 2016 hearing that she was going to return to work on August 31, 2016; it did not address her uncontradicted testimony that a reorganization was taking place that could reduce the number of classrooms and aides; that there was no certainty of funding of the program at the level necessary to return all aides; and, most of all, it completely ignored Head Start Director Carifo's letter that Claimant did not have a reasonable assurance of work. For this reason, a remand would be required for the Board to consider this evidence.

Second, the only evidence that the Board relied on was the Employer Information Form (UC-1609P) that has an "expected date of recall" of August 31, 2016.[4] Just providing Claimant with that form does not satisfy the requirement that

---

[4] Even though not mentioned at the hearing before the Referee and not relied on or mentioned in the Board's decision, the majority refers to their respective UC Questionnaires where both Employer and Claimant, when filling out a block asking whether Claimant was given a reasonable assurance, both checked the block that said "yes." What Employer and Claimant **(Footnote continued on next page…)**

Claimant had a reasonable assurance because all that form does is make it easier for Claimant to file for unemployment compensation benefits. "Expected date of recall" does not rise to the level of a reasonable assurance because all that phrase expresses is a "hope", contingent on full funding, that Claimant would not be reorganized out of a job or funding would be decreased. This leaves aides and especially part-time aides without a reasonable assurance, with which Employer agrees.

Finally, what the majority fails to accept is that the employer has the burden of proof to establish that a claimant is ineligible for unemployment compensation benefits under Section 402.1(2) of the Law by demonstrating that the claimant had been given a reasonable assurance of continued employment following his or her summer break in service. *Juniata County Childcare & Development Services, Inc. v. Unemployment Compensation Board of Review*, 6 A.3d 1037 (Pa. Cmwlth. 2010). Employer, in this case, explicitly stated that it was not opposing the application because it could not give its aides reasonable assurance of their return. I do not see what more evidence Claimant needed that there was no reasonable assurance of her continued employment after the summer break.

For the foregoing reasons, I respectfully dissent.

_____
DAN PELLEGRINI, Senior Judge

_____
**(continued…)**

understood that to mean at the time they checked the block was obviated by all the evidence presented at the hearing that Claimant did not have a reasonable assurance of returning.