559 A.2d 1015

**LOCK HAVEN UNIVERSITY OF PENNSYLVANIA OF the STATE SYSTEM OF HIGHER EDUCATION, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 20, 1989.

Decided June 9, 1989.

Richard A. Holmes, Millersville, for petitioner.

Clifford F. Blaze, Depty. Chief Counsel, John E. Herzog, Asst. Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

## OPINION

BARRY, Judge.

Lock Haven University (Employer) petitions for our review of an order of the Unemployment Compensation Board of Review (Board) which awarded benefits to Mary O'Neill (Claimant). The Employer argues that the Claimant is ineligible for benefits under Section 402.1(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802.1(1). We affirm.

The Claimant was last employed as an Act 101 counselor at Lock Haven University for the period September 28, 1987 through May 20, 1988. The claimant held this position for each of the preceding seven academic years. In each of these years the Employer offered and the Claimant accepted the position of Act 101 counselor as a temporary position, *i.e.*, for the duration of that academic year only. Pursuant to the terms of the contract the Claimant was terminated at the end of each academic year. For purposes of this appeal, the termination date of the relevant academic year was May 20, 1988. The contract language providing for the Claimant's termination states, "It is understood that there is no expectation of continued employment beyond the specified termination date of May 20, 1988, and that employment up to May 20, 1988, is entirely contingent upon the availability of Act 101 funding." (Board Finding of Fact No. 6).

Further, Lock Haven University was subject to an arbitrator's award which had been issued in a grievance unrelated to this claim. As a result of that award the Employer was required to offer, *inter alia*, the Claimant's position to retrenchees. The Claimant was aware of this obligation and received notice of the offering each spring. On April 5,

1988, the Claimant was notified of the offering by the Employer in a letter which stated in pertinent part:

> Lock Haven will, therefore, notify retrenchees of your present position. Those retrenchees who apply for the position within the 60 day period must be accorded preferential hiring status. Further, in addition to our obligation to make your present position available to retrenchees, this letter will serve as a reminder that in accordance with your current employment agreement, Lock Haven University cannot make any guarantee of continued employment after your current term of appointment expires.

(Board Finding of Fact No. 7).

The Claimant applied for unemployment compensation benefits which were denied by the Office of Employment Security (OES) on the basis of Section 402.1(1) of the Law, 43 P.S. § 802.1(1) (reasonable assurance of return). The Claimant appealed the OES determination and following a hearing the referee reversed and awarded benefits. The Employer appealed to the Board which affirmed the award. It noted, however, that the OES and the referee had improperly applied Section 402.1(1) where the appropriate section was Section 402.1(2) of the Law, 43 P.S. § 802.1(2).[1] Nevertheless, the Board reached the same result as the referee. It concluded that,

> [The Claimant's] continual employment each year is contingent on adequate Act 101 funding and retrenchee abstinence. As such, claimant is not ineligible for benefits under Section 402.1(2) of the Law since she does not have a reasonable assurance of returning to her employment.

■ Employer now appeals to this Court raising several assignments of error. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether

---

1. We note that the Employer maintains that Section 402.1(1) of the Law is applicable rather than Section 402.1(2). Since the relevant inquiry in this case, reasonable assurance, is applicable to both Sections we decline to address the issue of which is appropriate.

any necessary findings of fact are not supported by substantial evidence in the record. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

 First, the Employer argues that the Board erred in concluding that the Claimant had no reasonable assurance of continued employment.[2] The applicable provision of the Law provides:

> Benefits based on service for educational institutions ... shall as hereinafter provided be payable in the same amount, on the same terms and subject to the same conditions as outlined in Section 404(g)[;] except that:

> (2) With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a *reasonable assurance* that such individual will perform such services in the second of such academic years or terms.

Section 402.1(2) of the Law, 43 P.S. § 802.1(2) (emphasis added).

"Reasonable assurance" is not defined in the Law. However, caselaw has interpreted the phrase.

> [I]n lieu of a formal written or oral agreement with respect to rehiring, 'where there is objective evidence of mutual commitment between the teacher and employer to recall the former or where the teacher has a reasonable expectation of returning to employment in the next academic term, the Board may properly deny benefits.' *Goralski v. Unemployment Compensation Board of Re-*

---

**2.** The Employer challenges the Board's determination both as an error of law and as a finding of fact not supported by substantial evidence. Since we will treat the question of whether the Claimant has a reasonable assurance of returning to work in the next academic year as a question of law, we need not address the Employer's substantial evidence argument.

*view,* 48 Pa.Commonwealth Ct. 39, 41–42, 408 A.2d 1178, 1180 (1979).

*Abel v. Unemployment Compensation Board of Review,* 102 Pa.Commonwealth Ct. 209, 213, 517 A.2d 594, 596 (1986) (emphasis omitted). Further, in order for a claimant to have a reasonable expectation of employment he must receive information on which to base that expectation. *Aronson v. Unemployment Compensation Board of Review,* 56 Pa.Commonwealth Ct. 177, 424 A.2d 972 (1981). The mere hope of returning to work does not rise to the level of "reasonable assurance" but there need not be a guarantee of future employment. *Bornstein v. Unemployment Compensation Board of Review,* 69 Pa.Commonwealth Ct. 521, 451 A.2d 1053 (1982).

 The Employer here argues that the Claimant had a reasonable assurance of returning to work in the next academic year inasmuch as she had returned to her position as Act 101 counselor in previous years under these same conditions. We agree that the Claimant's prior employment history with the Employer may provide some assistance in determining whether she had a reasonable expectation of returning to work. However, employment history is only one of the factors in making that determination. *Neshaminy School District v. Unemployment Compensation Board of Review,* 57 Pa.Commonwealth Ct. 543, 426 A.2d 1245 (1981). We cannot find that the Board erred as a matter of law in placing more weight on the clear termination language of the Claimant's employment contract and the contingencies of funding and retrenchee abstinence to her future employment. The question of whether the Claimant had a reasonable assurance of returning to work during the next academic year is one for the Board to decide after examining all the relevant facts. *Richland School District v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 413, 459 A.2d 1358 (1983).

 The Employer also argues that the Claimant improperly submitted extra record evidence as attachments to her brief filed with the Board. Of course, pursuant to 34

Pa.Code § 101.106 the Board is restricted to a review of the "evidence previously submitted, or direct the taking of additional testimony." In the absence of an order from the Board directing the taking of additional testimony here, we agree with the Employer that the Claimant improperly attached additional evidence to her brief. However, our review of the Board's decision indicates that the Board did not consider that evidence. All of the Board's findings are supported by substantial competent evidence which was submitted at the referee's hearing. We will not adopt the Employer's suggestion that the Board be required to specifically state that any extra-record evidence was not considered in its decision.

Based on the foregoing we will affirm the Board.

## ORDER

NOW, June 9, 1989, the order of the Unemployment Compensation Board of Review at No. B–268509, dated September 12, 1988, is hereby affirmed.