IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Markus Hollingsworth,          :
          Petitioner    :
                      :  No. 2024 C.D. 2016
          v.            :
                      :  Submitted:  April 13, 2017
Unemployment Compensation  :
Board of Review,            :
          Respondent    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH[1]                    FILED:  May 17, 2018


        Markus Hollingsworth (Claimant) petitions, *pro se*, for review of the November 1, 2016 order of the Unemployment Compensation Board of Review (Board).  In this order, the Board found that Claimant was ineligible for benefits during the weeks in which he returned to work under Section 401(c) of the Unemployment Compensation Law (Law).[2]  The Board further ordered recoupment

---

[1] This case was reassigned to the author on February 6, 2018.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(c).  Section 401(c) states, in pertinent part, that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . has made a claim for compensation in the proper manner and on the form prescribed by the department . . . ."  43 P.S. §801(c).

of $2,640.00 as a fault overpayment under Section 804(a) of the Law[3] and assessed eight penalty weeks pursuant to Section 801(b) and (c) of the Law,[4] imposing upon Claimant a $396.00 penalty for intentionally failing to disclose material information.

The pertinent facts of this case are as follows. Claimant was employed with William T. Spaeder Company (Employer) as a steam fitter apprentice from March 19, 2014, until March 8, 2016, his last day of work. Claimant filed an application for unemployment compensation benefits with an effective date of November 1, 2015, establishing a weekly benefit amount of $448.00 and a partial benefit credit of $135.00. The Department of Labor and Industry (Department) thereafter mailed Claimant the Unemployment Compensation Handbook (Handbook). The Handbook informed Claimant that he must provide the Department with truthful and complete information with respect to his claim and must notify the Department immediately if he was to return to work. (Board's Finding of Fact (F.F.) No. 1; Certified Record (C.R.) at Item No. 1.) The Handbook specifically warned: "You may be committing fraud if you . . . return to a full-time job . . . without telling the [D]epartment" or "work part time and do not report your wages for the week when they were earned." (C.R. at Item No. 1.)

---

[3] 43 P.S. §874(a). Relevantly, Section 804(a) of the Law reads: "Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue . . . ." 43 P.S. §874(a).

[4] 43 P.S. §871(b)-(c). The pertinent portion of Section 801(b) states that when an individual "knowingly fails to disclose a material fact to obtain or increase any compensation or other payment" under the Law, the Board may order "a penalty period of two weeks and for not more than one additional week for each such week of improper payment . . . ." 43 P.S. §871(b). If the Board determines that there was a penalty period, a claimant "shall be liable to pay to the Unemployment Compensation Fund a sum equal to fifteen per centum (15%) of the amount of the compensation." 43 P.S. §871(c).

2

During claim weeks ending February 6 through March 12, 2016, Claimant worked full-time with Employer. For each of these claim weeks, Claimant filed for, and received, unemployment compensation benefits, but he did not report any earnings to the Department. (F.F. Nos. 3-5; C.R. at Item No. 4.) In responding to the Department's bi-weekly claim questions, Claimant answered the following query in the negative: "Did you work during the week you are claiming?" (C.R. at Item No. 4.) In this period of time, Claimant received $2,640.00 in benefits. (F.F. No. 5.)

On July 19, 2016, the Department discovered that Claimant had worked for Employer from February 6 to March 12, 2016. The Department mailed Claimant a request for information, but Claimant did not respond. Subsequently, the Department issued Claimant three notices of determination, denying benefits for the claim weeks at issue, finding a fault overpayment of $2,640.00, and imposing a penalty of $396.00 for eight penalty weeks. (C.R. at Item Nos. 1, 3.)

After Claimant filed appeals, a referee convened a telephonic hearing, at which one witness for Employer testified. The referee called the number on file for Claimant and discovered that the number had been disconnected. By decision mailed September 16, 2016, the referee affirmed the Department's determinations, basing its findings on the evidence presented by Employer and Claimant's claim record. The referee determined that Claimant was duly notified of the date and time for the hearing and failed to participate. On September 20, 2014, Claimant called the referee and stated that he could not receive a call on the hearing date because he was working out of town. (C.R. at Item Nos. 1, 3, 6, 11-13.)

Claimant appealed to the Board, challenging his eligibility for benefits and the propriety of the referee's fault and penalty determinations. Claimant,

however, did not explain to the Board why he failed to participate in the hearing. Nor did Claimant request a remand to the referee or otherwise assert that he should be afforded the opportunity to present evidence. In affirming the referee, the Board determined that Claimant "falsely stated he did not work each week at issue" and that he acted "intentionally," noting that the "record contains no competent evidence [to] the contrary." (Board's decision at 2.)

On appeal to this Court,[5] Claimant does not argue that he had good cause for missing the telephonic hearing.[6] Claimant also does not challenge the Board's findings that he was working and received benefits during the time period at issue. Instead, Claimant contends that the Board erred in finding that he knowingly withheld or misrepresented material information. Specifically, he asserts that he misplaced his unemployment card, reported that it was lost, and "received a new one in the mail soon after." (Claimant's brief at 3.) Apparently, in the meantime or at a succeeding time, "someone was filing bi-weekly claims while he was working," and Claimant did not "realize" this "until after [he] was laid off" and "received something in the mail" from the Department. *Id.*

---

[5] On appeal, our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

[6] In fact, Claimant "apologize[d]" for missing the hearing. (Claimant's brief at 4.) In any event, we note that where, as here, a party is duly notified of a hearing and fails to attend that hearing, the party may not claim a right to a hearing when the issue was not raised in the notice of appeal to the Board. *See Tri State Scientific v. Unemployment Compensation Board of Review*, 589 A.2d 305, 307 (Pa. Cmwlth. 1991); *see also Crabbe v. Unemployment Compensation Board of Review*, __ A.3d __, __ (Pa. Cmwlth., No. 455 C.D. 2016, filed February 28, 2018) (en banc), slip op. at 8-9. In these circumstances, "the party who failed to attend the scheduled hearing has failed to take the necessary steps to protect its own interests." *Tri State Scientific*, 589 A.2d at 307 (internal quotation marks and citation omitted).

However, Claimant did not present any evidence to this effect to the referee, and the Board did not mention the matter in its opinion. Pursuant to administrative regulation, the Board may not consider evidence that was not presented to the referee in rendering its decision. *See* 34 Pa. Code §101.106; *Lock Haven University of the Pennsylvania State System of Higher Education v. Unemployment Compensation Board of Review*, 559 A.2d 1015, 1018 (Pa. Cmwlth. 1989). Similarly, because mere allegations are no substitute for record evidence, this Court cannot consider the averments of fact in Claimant's brief when determining whether the Board erred in issuing its findings. *See Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2007); *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance)*, 508 A.2d 624, 625 n.2 (Pa. Cmwlth. 1986). Therefore, we will conduct our review without regard to Claimant's above statements.

Under Section 804(a) of the Law, the Board must order recoupment of all benefits that are paid to "[a]ny person who by reason of his fault has received [benefits] to which he was not entitled . . . ." 43 P.S. §874(a). In addition, pursuant to Section 801(b) of the Law, the Board may impose a penalty when a person "knowingly fails to disclose a material fact to obtain or increase any compensation or other payment" under the Law. 43 P.S. §871(b). If the record establishes that a claimant received benefits while he intentionally withheld information that is material to his eligibility for benefits, the Board may find that there has been a fault overpayment on account of fraud and order both recoupment and a penalty. *See Chishko v. Unemployment Compensation Board of Review*, 934 A.2d 172, 177-78 (Pa. Cmwlth. 2007).

5

Here, the Board found that Claimant received the Handbook, knew that he had to notify the Department if he returned to work, and filed a claim for benefits for compensable weeks ending February 6, 2016, through March 12, 2016, stating that he did not work when he did. (F.F. Nos. 2, 4.) Our case law confirms that the claim record and the Handbook, standing alone, are substantial evidence upon which to base these findings. *See Castello v. Unemployment Compensation Board of Review*, 86 A.3d 294, 299 (Pa. Cmwlth. 2013). The case law also confirms that these facts, when coupled with the fact that Claimant received benefits for a time period in which he worked but stated that he did not work, are sufficient evidence upon which the Board could naturally infer that Claimant intentionally withheld material information. *See Chishko*, 934 A.2d at 177-78.[7] Therefore, this Court concludes that the Board did not err in concluding that Claimant was liable for recoupment under Section 804(a) of the Law and imposing a penalty upon him under Section 801(b) of the Law.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] *See also Williams v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 383 C.D. 2015, filed November 10, 2015), slip op. at 10-11. In *Williams*, this Court upheld the Board's decision ordering recoupment and imposing a penalty where the claim record showed that claims were filed in the claimant's name for certain weeks; the claimant admitted that she was employed during those weeks; and there was evidence that the claimant received benefits for those weeks, notwithstanding the fact that the claimant asserted that the claims were filed by someone else and without her knowledge. *Williams*, slip op. at 10-11; *see* Commonwealth Court Internal Operating Procedure section 414(a), 210 Pa. Code §69.414(a) (stating that an unreported Commonwealth Court panel decision issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Markus Hollingsworth,      :
                 Petitioner :
                            :   No. 2024 C.D. 2016
        v.                  :
                            :
Unemployment Compensation   :
Board of Review,            :
                 Respondent :


## *ORDER*


AND NOW, this 17th day of May, 2018, the November 1, 2016 order of the Unemployment Compensation Board of Review is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge