IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William N. Ashker, :
                 Petitioner :
         :
         v. : No. 1803 C.D. 2019
         : Submitted: August 28, 2020
Unemployment Compensation :
Board of Review, :
                 Respondent :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON               FILED: November 23, 2020


      William N. Ashker (Claimant), proceeding *pro se*, petitions for review from an order (Order) of the Unemployment Compensation (UC) Board of Review (Board) finding him ineligible for benefits due to an untimely appeal of a denial by the Erie UC Service Center (Service Center), pursuant to Section 402(e) of the UC Law (Law).[1] Discerning no error below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) of the Law reads, in pertinent part, as follows: "An employe shall be ineligible for compensation for any week-- . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act . . . ."

## I.     Background and Procedural History

In a Notice of Determination (Notice), mailed to Claimant on March 25, 2019, the Service Center found Claimant last worked for Dickinson Center, Incorporated (Employer) on February 14, 2019, and was discharged for alleged dishonesty involving falsification of documents. Claimant denied same. Certified Record (C.R.), Item No. 5. However, the Service Center determined Claimant committed the act of which he was accused and did not show that he had good cause for his actions. Thus, the Service Center determined Claimant's actions constituted willful misconduct under Section 402(e) of the Law, 43 P.S. §802(e), and denied his application for UC benefits. *Id.* The Notice indicated that Claimant's last day to file an appeal was April 9, 2019.

Claimant filed his Petition for Appeal (Petition) from the Notice on July 29, 2019, over three months past the date to file a timely appeal. C.R., Item No. 6. In his Petition, Claimant stated that there were no facts to support Employer's claim that he had been dishonest and that he had falsified documents. *Id.* He added that his appeal was late because he had no phone or internet access and no means of transportation. He asserted that he had attempted to submit his appeal form prior to the due date but that "the form would not submit." *Id.* Thus, he requested an "exception" to the rules relative to timeliness of appeals. *Id.*

On August 27, 2019, a UC referee (Referee) conducted a telephone hearing in which both Claimant and Employer participated. C.R., Item No. 10. The Referee issued a Decision/Order (Decision) that was mailed to the parties on August 27, 2019. C.R., Item No. 11. In his Decision, the Referee found that Claimant had

filed an untimely appeal and had "not been misinformed nor in any way misled regarding the right of appeal or the need to appeal." *Id.* Citing Section 501(e) of the Law, 43 P.S. §821(e),[2] the Referee dismissed Claimant's appeal. Claimant next appealed to the Board on September 5, 2019. C.R., Item No. 12.

The Board determined that, despite his assertions that "he called UC authorities for assistance and was placed on hold each of the two times he called," and his acknowledgement that it took him two weeks to file his appeal "after UC authorities told him to file his appeal late and explain the reasons . . . why it was late," Claimant did not provide a legally justifiable explanation for waiting three months to file his appeal. C.R., Item No. 16.

In its Order mailed to Claimant on November 18, 2019, the Board affirmed the Referee's Decision and denied and dismissed Claimant's appeal as untimely, pursuant to Section 501(e) of the Law. *Id.* In support of its determination, the Board stated that it did not find Claimant's "job loss, difficulty with the internet, or the alleged lack of space on the appeal sheet precluded him from filing by either mail or fax." *Id.* The Board further determined:

---

[2] Section 501(e) of the Law states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), **within fifteen calendar days** after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e) (emphasis added).

[t]he provisions of this section of the Law are mandatory; the [Board] and its referees have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Therefore, the Referee properly dismissed [Claimant's Petition].

*Id.*

Claimant now petitions this Court for review.[3]

## I.    Arguments

### A. Claimant's Argument

Claimant argues that the dismissal of his appeal "due to accusations of negligence is unjust" and that the "substantial reasons for [his] late appeal were never taken into consideration . . . [or] seriously." Claimant's Br. at 8.

Claimant asserts that the appeal form does not provide sufficient space to provide comments and that the Referee erred when he opined that Claimant merely "believed" the appeal sheet did not contain adequate space. Claimant's Br.

---

[3] Our review is limited to determining whether the Board's finding were supported by substantial evidence, whether the Board committed an error of law, or whether constitutional rights were violated. *Dep't of Corr. v. Unemployment Comp. Bd. of Review*, 943 A.2d 1011 (Pa. Cmwlth. 2008). The Board's findings of fact are conclusive on appeal as long as they are supported by substantial evidence. *Grieb v. Unemployment Comp. Bd. of Review*, 827 A.2d 422 (Pa. 2003). "Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986).

at 9. Further, Claimant contends that the Referee failed to mention in his Decision that Claimant did not mail his appeal form because he had no income, including income to buy stamps or envelopes or to take local public transportation to buy these items. *Id.* Claimant maintains that, while there were times that he had internet service, his "internet was turned off indefinitely" once he had "zero income." *Id.* In addition, Claimant asserts he was not "always able to borrow someone's Wi-Fi, and was often at the mercy of whoever would let [him] borrow it when [he] needed it." *Id.*

Claimant argues that he did, in fact, attempt to submit his appeal prior to the deadline and that he submitted it to a UC referee, via e-mail, on March 25, 2019, "since the website would not let [him] submit [his] appeal to the proper destination." Claimant's Br. at 10. Claimant maintains that he was informed by the UC referee who received his appeal that he needed to submit it to the Service Center and that she, *i.e.*, the referee who received the appeal, could not accept it. *Id.*

In addition, Claimant states the Referee failed to mention in his Decision that Claimant made "numerous attempts to call a UC service representative; not just two attempted calls." Claimant's Br. at 11.

Claimant contends that he made "every attempt possible" to file his appeal and that the "late appeal was not due to negligence on [his] part. Instead, it was circumstances beyond [his] control that caused [him] to be late [in] filing [his] appeal and not [meeting] the deadline." Claimant's Br. at 12.

5

## B. Board's Argument

The Board argues that this Court should affirm its Order where Claimant failed to prove good cause for filing an untimely appeal. Further, the Board asserts that, even if we accept all of Claimant's reasons for filing an untimely appeal as true, Claimant could have still filed a timely appeal via United States mail, common carrier, fax, e-mail, online, or in person at a CareerLink office but that he failed to do so. Board's Br. at 11. In addition, the Board argues that Claimant offers several reasons why he was unable to file a timely appeal but that he did not testify to some of these reasons at his hearing before the Referee, and thus, this Court may not consider them. Board's Br. at 4.

The Board argues that its findings are supported by Claimant's own testimony. Citing *Brandt v. Unemployment Compensation Board of Review*, 643 A.2d 78 (Pa. 1994), the Board states that, where its "findings of fact are supported by substantial evidence found credible by the Board, [itself,] those findings are conclusive on appeal." Board's Br. at 5.

Next, addressing Claimant's argument regarding the sufficiency of space on the appeal form, the Board asserts that Claimant's "belief" as to whether there was sufficient space is irrelevant and that Claimant could have completed his argument or comments on a separate piece of paper and submitted that by mail as well. Board's Br. at 6. As to Claimant's assertion that he did not have income to buy stamps or envelopes, the Board notes that Claimant did not testify to this at the hearing before the Referee, and to the extent Claimant now raises the issue of his inability to buy stamps or envelopes, the Board argues that this Court may not

"consider averments made outside the official record." Board's Br. at 7 (citing *Hollingsworth v. Unemployment Comp. Bd. of Review*, 189 A.3d 1109 (Pa. Cmwlth. 2018)). The Board adds that, when the Referee asked Claimant why he could not mail an appeal from his home mailbox, Claimant responded "[b]ecause I thought that doing it online would be quicker." Board's Br. at 6 (citing C.R., Item No. 10, Transcript of Testimony, Referee's Hearing by Phone, 8/27/19).

Similarly, the Board contends that Claimant's testimony supported the Board's finding that Claimant's internet was shut off for a period of time and that Claimant's current assertion that the "website would not let [him] submit [his] appeal to the [Service Center]" was not his testimony at the hearing and may not be considered by this Court. Board's Br. at 7 (citing Claimant's Br. at 10; *Hollingsworth*, 189 A.3d 1109).

Furthermore, the Board refutes Claimant's assertion that it failed to acknowledge he sent an e-mail to another UC referee, who informed him she could not accept his appeal. The Board acknowledges Claimant offered this testimony. However, the Board contends Claimant did not indicate when this interaction occurred, and he was unable to recall the name of the referee with whom he was in contact. The Board states that the claim record shows this exchange occurred on June 12, 2019, but that Claimant now asserts it happened on March 25, 2019. Board's Br. at 8 (citing Claimant's Br. at 10; C.R., Item No. 1). In addition, the Board argues that Claimant now says he told the Referee he had the e-mail to prove the aforementioned exchange but, in fact, Claimant did not testify to same at the

7

hearing nor inform the Referee he had the e-mail. Board's Br. at 8 (citing Claimant's Br. at 10, C.R., Item No. 1; *Hollingsworth*, 189 A.3d 1109).

The Board acknowledges that an appeal after the deadline may be found timely in certain circumstances, but it asserts that Claimant's decisions "did not justify the [approximately three- to four-] month delay in filing his appeal." Board's Br. at 9. Citing Section 501(e) of the Law, the Board notes that a party has 15 days to file an appeal from the date of the determination of the UC Service Center. However, "'[f]ailure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal.'" Board's Br. at 9-10 (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)). The Board adds that "[t]his [15]-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter." Board's Br. at 10 (quoting *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006)). "The burden to justify an untimely appeal is heavy because the statutory time limit for filing an appeal is mandatory." Board's Br. at 10. As the Board notes, in order to have a case heard on its merits after the expiration of the appeal period, the party must prove circumstances justifying *nunc pro tunc* relief. *Id.* "An appeal *nunc pro tunc* may be allowed when there is (1) fraud or some breakdown in the administrative authority's operation; (2) non-negligent conduct of an attorney or his staff; or (3) non-negligent conduct of the claimant." Board's Br. at 10 (relying on *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194 (Pa. Cmwlth. 2008)). "The non-negligent standard means that [it] is beyond the control of the claimant." Board's Br. at 10 (further relying on

8

*Hessou*, 942 A.2d 194). The Board asserts that, in the present matter, Claimant did not establish good cause for filing an appeal more than three months after the expiration of the 15-day appeal period. As the Board notes "Claimant could have taken the simple step to mail an appeal to preserve his appeal rights. Since he did not, the Board did not err when it dismissed his appeal as untimely." Board's Br. at 12.

## II.    Discussion

Claimant's appeal was filed over three months late without adequate justification. There were many methods by which Claimant could have filed his appeal, and there was adequate time to do so; that is to say that he had the same amount of time regularly provided by law to all appellants. Claimant's failure to file his appeal in a timely fashion reasonably led to its dismissal by the Referee and the Board.

As the Board notes, the 15-day appeal period is mandatory. "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). "[E]ven an appeal filed merely one day after the expiration of the [15]-day time period must be dismissed as an untimely appeal." *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d at 33. It is in only very limited circumstances that an untimely appeal may be considered by the Board, and Claimant's reasons here are not among those limited few. There was no fraud or breakdown in the administrative agency's operation, and there was no non-negligent

9

conduct by Claimant. The failure to timely file an appeal was Claimant's and Claimant's alone. While he may have encountered issues, even challenges, along the way, none of those rose to a level which justified filing his appeal more than three months late.

To the extent the Board argues that this Court may not now consider arguments advanced by Claimant which are not supported elsewhere in the record below, we agree. However, in the instant matter, even if we were to assume, *arguendo*, that all of Claimant's contentions are true, they do not change our view that Claimant's own decisions, coupled with a lack of urgency, led to the present outcome. Accordingly, we would reach the same result.

### III. Conclusion

Because there was no adequate justification for Claimant's failure to file a timely appeal of the decision of the Service Center, and the Board's Order was based on substantial competent evidence and was without any error of law or abuse of discretion, we affirm the Board's determination dismissing Claimant's untimely appeal of the Service Center's Notice.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William N. Ashker,                                          :
                              Petitioner         :
                                                           :
            v.                                   :         No.  1803 C.D. 2019
                                                           :
Unemployment Compensation                        :
Board of Review,                                 :
                              Respondent         :

# **O R D E R**

**AND NOW**, this 23rd day of November 2020, the Order of the

Unemployment Compensation Board of Review is **AFFIRMED**.

                                    _____
                                    J. ANDREW CROMPTON, Judge