# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kay F. Aikey,                         :
               Petitioner    :
                                 :
         v.                      :    No. 1731 C.D. 2024
                                 :
Unemployment Compensation             :
Board of Review,                      :
               Respondent    :    Submitted: March 3, 2026


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                         FILED: April 23, 2026


Kay F. Aikey (Claimant), an unrepresented litigant, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (Board) decision mailed November 18, 2024. The Board's decision affirmed an August 29, 2024 decision of a Referee that found Claimant ineligible for unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (UC Law).[1] Upon review, we find that the Board did not err in concluding that Claimant did not have a necessitous and compelling reason to separate from her job at H&R Block (Employer). Accordingly, we affirm.

Claimant separated from her job with Employer in February of 2024 and subsequently filed for UC benefits. Certified Record (C.R.) at 003-013. In the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Claimant Questionnaire completed as part of her application, she stated that she voluntarily resigned because she was not receiving enough hours. *Id.* at 015. The Employer Side Separation Determination stated that Claimant had voluntarily resigned despite having work available. *Id.* at 022. The UC Service Center issued a disqualifying separation determination on August 6, 2024, and Claimant appealed to a Referee. *Id.* at 025-26, 039-44.

The Referee held a hearing on August 26, 2024. Claimant testified that she was a Paid Client Service Professional with Employer from October 9, 2023, through February 9, 2024. C.R. at 085. She explained that her position was supposed to be full-time, but she was only given part-time hours, with the most hours ever received in one week being 32. *Id.* Additionally, she testified that she was told she would be paid $11 per hour, with a potential increase up to $13 per hour, but began at a rate of $10 per hour and increased only to $10.25 per hour. *Id.* at 085-86. When asked why she separated from her employment, Claimant explained that there were "a couple different reasons," citing dissatisfaction with hours and remuneration, and also Employer's requirement that she clean the office, which she did not believe to be a part of her job responsibilities. *Id.* at 086.

Lamont Masser, franchisee and partner of Employer, testified next. He stated that Claimant once asked him about remuneration, to which he explained that Employer's compensation package for a first-year Client Service Professional is $10 when training, with a raise to $10.25 per hour when training is complete. C.R. at 095, 118. This standard remuneration schedule is included in the Personnel Manual, which is given to every employee, and also available in Employer's office. *Id.* at 097-98, 127-67. In regard to the janitorial duties, Masser testified that Claimant once complained to him that she was the only person to clean the restroom. *Id.* He

responded that cleaning is part of the Client Service Professional position—it is in the job description, specifically listed as a duty in the Client Service Professional Employment Agreement (Employment Agreement) that Claimant signed, and posted on a checklist in the office. *Id.* at 095-96, 119, 120, 124-25. Finally, Masser testified that if Claimant was unhappy with her less than full-time hours, he did not understand why she continued to work for five months. *Id.* at 098.

Claimant testified in response to Masser's testimony stating that she never saw the Personnel Manual, that she signed the Employment Agreement but did not read it, and that the checklist must have been underneath her desk, but she never looked at it. C.R. at 099.

On August 29, 2024, the Referee issued a decision denying Claimant benefits under Section 402(b) of the UC Law. C.R. at 170-74. The Referee found that Claimant signed an Employment Agreement on January 10, 2024, which detailed a Client Service Professional's job responsibilities. *Id.*, Finding of Fact (F.F.) No. 3. Those responsibilities included, *inter alia*, cleaning the office, and a checklist reiterating this responsibility was visible at Claimant's desk or at a filing station nearby. *Id.*, F.F. No. 2. The Referee explained that while Claimant maintained that she was unaware of the position's cleaning duties, and unaware of Employer's remuneration schedule, she signed the Employment Agreement and was provided a written description of remuneration. *Id.* at 172-73. As such, the Referee concluded that Claimant had not "established a necessitous and compelling reason for leaving employment at the time the Claimant did or that the Claimant acted with ordinary common sense and made a good faith effort to preserve the employment." *Id.* at 173.

Claimant appealed the Referee's decision to the Board and filed a remand request asking for another hearing with a different referee. C.R. at 187, 198. Claimant stated that she did not "feel the referee included all of [her] testimony and [she] has some things [she] need[s] to add and reiterate. . . ." *Id.* at 198.

On November 18, 2024, the Board issued its decision affirming the Referee's determination and denying Claimant's request to reopen the record for additional testimony. C.R. at 205-06. In so doing, the Board adopted and incorporated the Referee's findings of fact and conclusions of law. *Id*. at 205. It further explained:

> The [E]mployer credibly testified the [C]laimant was informed her job duties would include cleaning, her hourly wage was $10/hour while in training, and she would be scheduled as needed. The employer's testimony was corroborated by the sign hanging in the [C]laimant's work area and by the [Employment Agreement] the [C]laimant signed.

*Id.* As to Claimant's remand request, the Board explained that the record reflects the parties had a full and fair opportunity to be heard and present evidence and testimony, and that the Board reviewed the transcript of the entire proceeding before rendering its decision. *Id.* at 206. Claimant petitioned this Court for review.

On appeal,[2] Claimant asserts the Board erred in concluding that she did not have a necessitous and compelling reason for quitting her position with Employer. The summary of argument and argument sections of her brief reiterate that she did not receive full-time hours and that she was never advised that cleaning

___

[2] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

4

duties were a part of the Client Service Professional position. *See* Claimant's Br. at 6-7.[3] The Board responds that it did not err in concluding that Claimant did not have a necessitous and compelling reason to quit her employment when she should have been aware that her job included cleaning and she was properly scheduled and paid according to Employer's written policies.

Under Section 402(b) of the UC Law, 43 P.S. § 802(b), a claimant who "voluntarily leav[es] work without cause of a necessitous and compelling nature" is ineligible for UC benefits. The burden of proving the inverse, that the cause of the voluntary termination was in fact necessary and compelling, lies with the claimant. *Brunswick Hotel & Conference Center, LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). An employee who claims to have left employment for a necessitous and compelling reason must prove that:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve her employment.

*Id.* Whether the claimant's reason for voluntarily terminating her employment was because of a necessitous and compelling nature is a question of law subject to this Court's review. *Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 228 (Pa. Cmwlth. 2012).

We agree with the Board that Claimant failed to satisfy the *Brunswick Hotel* factors to establish that the cause of her voluntary resignation from Employer

---

[3] Claimant's brief also describes various interactions she had during the course of her employment, none of which were included in her testimony before the Referee. This Court cannot consider averments of facts outside the record when reviewing the Board's findings. *Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2018).

was necessary and compelling. While Claimant continues to maintain that she was never told of the janitorial duties associated with her position, not advised of the remuneration schedule, and unsatisfied with her working hours, the Referee found that Claimant signed the Employment Agreement and was given Employer's remuneration schedule, which contained this information. Claimant's "[m]ere dissatisfaction with [her] working conditions does not constitute cause of a necessitous and compelling nature for terminating [her] employment." *Brunswick Hotel*, 906 A.2d at 660.

For the reasons set forth above, we conclude the Board did not err in determining Claimant was not eligible for UC benefits under Section 402(b) of the UC Law, 43 P.S. § 802(b). Accordingly, we affirm the Board's Order.


<br>

_____
MATTHEW S. WOLF, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kay F. Aikey,                                    :
                Petitioner        :
                           :
                           :
        v.                               :   No. 1731 C.D. 2024
                           :
Unemployment Compensation        :
Board of Review,                             :
               Respondent        :

## **O R D E R**

AND NOW, this 23rd day of April 2026, the November 18, 2024 decision of the Unemployment Compensation Board of Review is AFFIRMED.

_____
MATTHEW S. WOLF, Judge