# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Livingston,       :
      Petitioner  :
          :
    v.       :  No. 927 C.D. 2023
          :
Unemployment Compensation :
Board of Review,     :
      Respondent :  Submitted: August 9, 2024


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF           FILED: April 8, 2025

   John Livingston (Claimant), *pro se*, petitions for review of the June 28, 2023 order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed the decision of a referee dismissing Claimant's appeal from a notice of determination as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  After review, we affirm.

   On July 2, 2020, Claimant filed an application for Pandemic Unemployment Assistance (PUA).  Certified Record (C.R.) Item No. 1.  On September 20, 2021, the Unemployment Compensation Service Center issued a Notice of Determination denying Claimant benefits as a result of his failure to verify his identity as directed to secure benefits.  *Id.*, Item No. 2.  The Notice of Determination stated:  "**You have the right to appeal this determination**.  You

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

have 21 days from the determination date on this letter to file an appeal. **This means your appeal must be received or postmarked by 10/12/2021**." *Id.,* C.R. at 13 (emphasis in original). On November 15, 2021, Claimant appealed the Notice of Determination claiming he "did [identify (ID)] [himself] with the ID tool" and he "turned in his most recent pay info," but his payments stopped on July 14, 2021. *Id.,* Item No. 3; C.R. at 27.

A Referee held a hearing on Claimant's appeal on June 28, 2022. C.R., Item No. 7. When asked why he filed his appeal in November 2021, Claimant responded that he was sick in September 2021. *Id.,* C.R. at 57. The Referee issued a decision on July 13, 2022, concluding that Claimant's appeal was untimely under Section 501(e) of the Law and dismissed it for lack of jurisdiction. C.R. Item No. 9. In the findings of fact, the Referee found that Claimant was not misinformed or misled regarding the right or need to appeal and that he nevertheless filed his appeal past the October 12, 2021 deadline. *Id.*

Claimant appealed the Referee's decision to the Board. C.R. Item No. 10. On his appeal form, he alleged that he gave the Referee the wrong date for his illness and that he was sick from September 27, 2021, through October 11, 2021. *Id.*; C.R. at 65. He further maintained that he then "needed a ride" to file the appeal, but had to wait 14 days to ensure his sickness was not COVID-19 before he could ask anyone for transportation. *Id.* Finally, he submitted that he was told by an unnamed career link worker that there was an extension and he had time to appeal through November 15, 2021. *Id.*

By decision dated June 28, 2023, the Board adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's decision dismissing Claimant's appeal. The Board explained

> The [C]laimant failed to establish a sufficient reason to treat his appeal as timely. At the hearing, the [C]laimant testified that he was 'sick.' However, this alone does not overcome the heavy jurisdictional issue in a late appeal. The Board cannot consider evidence that was not submitted into the record at the Referee's hearing, as it is considered extra-record.

C.R., Item No. 11; C.R. at 84-85. Accordingly, the Board affirmed the Referee's decision dismissing Claimant's appeal. *Id.*

On appeal to this Court,[2] Claimant largely argues the merits of his appeal, *i.e.*, that he verified his identity through the PUA portal and submitted proper and factual documentation proving so. *See generally* Claimant's Br. He also vaguely claims that his late appeal was "accepted" and therefore should be considered. *Id.* at 12.

Section 501(e) of the Law provides that an appeal from the local UC Service Center's notice of eligibility determination must be filed "within twenty-one calendar days after such notice was delivered." 43 P.S. § 821(e). As this rule is jurisdictional, it precludes consideration of the merits of an appeal not timely filed. *Gannett Satellite Info. Network, Inc. v. Unemployment Comp. Bd. of Rev.,* 661 A.2d 502, 504 (Pa. Cmwlth. 1995). In limited circumstances, an untimely appeal may be considered *nunc pro tunc*, or "now for then." This Court has previously stated:

> To justify an untimely appeal and obtain *nunc pro tunc* relief, a claimant bears a heavy burden of demonstrating extraordinary circumstances involving (1) fraud or a breakdown in the administrative authority's operation; (2)

---

[2] This Court's "review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Key v. Unemployment Comp. Bd. of Rev.*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

non-negligent conduct of an attorney or her staff; or (3) non-negligent conduct of the claimant that was beyond her control.

*Hazlett v. Unemployment Comp. Bd. of Rev.*, 316 A.3d 652 (Pa. Cmwlth. 2024) (citing *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008)). With respect to the third of these possible circumstances, the Pennsylvania Supreme Court has noted "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001) (citations omitted).

Through his appeal to the Board, Claimant sought to introduce alternative facts about his sickness to justify why his late appeal should be accepted. However, pursuant to 34 Pa. Code § 101.106, the Board is restricted to a review of the "evidence previously submitted, or [may] direct the taking of additional testimony." Where, as here, the Board did not direct the taking of additional testimony, the Board is limited to relying on the evidence submitted before the Referee.[3] *Lock Haven University of Pa. State System of Higher Educ. v. Unemployment Comp. Bd. of Review*, 559 A.2d 1015, 1018 (Pa. Cmwlth. 1989).

Based on the testimony presented to the Referee, we agree with the Board that Claimant failed to meet the stringent standard for *nunc pro relief* based on his sickness in September 2021. A mere assertion of illness is neither unique nor

---

[3] In unemployment compensation cases, "it is well[]settled that the Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight." *Serrano v. Unemployment Comp. Bd. of Rev.*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016) (citing *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1388 (Pa. 1985)). Here, the Board adopted the findings of fact of the Referee.

4

compelling.  Contrasting the instant case to *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130 (Pa. 1996), where the claimant was hospitalized several days before and one day after the expiration of his appeal period and as a result filed his appeal four days late, Claimant's statement that he was "sick" in September of 2021 is insufficient to excuse his late filing.  Further, Claimant did not argue before the Referee that he attempted to file a timely appeal but his illness prevented him from doing so.  In reviewing the entirety of the evidence of record and Claimant's arguments with respect to same, we conclude that the Board did not err in dismissing Claimant's appeal as untimely under Section 501(e) of the Law.

For the foregoing reasons, the Board's order is affirmed.


_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Livingston, : 
                Petitioner : 
                 : 
          v. :   No. 927 C.D. 2023
                 : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

# **O R D E R**

AND NOW, this 8th day of April 2025, the Order of the Unemployment Compensation Board of Review in the above-captioned matter, dated June 28, 2023, is hereby AFFIRMED.

_____

MATTHEW S. WOLF, Judge